**COHEN v. YOUNG et al.**

No. 8861.

Circuit Court of Appeals, Sixth Circuit.

April 14, 1942.

722

Meyer Abrams, of Chicago, Ill. (Harris W. Wienner, of Detroit, Mich., on the brief), for appellant.

Grant L. Cook and Charles A. Wagner, both of Detroit, Mich., for appellees.

Cook, Smith, Jacobs & Beake, of Detroit, Mich., on the brief, for appellee Leonard A. Young and others.

Miller, Canifeld, Paddock & Stone, of Detroit, Mich., on the brief, for appellee United States Steel Corporation and another.

Butzel, Eaman, Long, Gust & Bills, of Detroit, Mich., on the brief, for appellee Isaac C. Forcheimer.

Robert S. Marx, Lawrence I. Levi, and Carl Runge, all of Detroit, Mich., on the brief, for appellee Lucille K. Levy and others.

Before ALLEN, MARTIN, and Mc-ALLISTER, Circuit Judges.

ALLEN, Circuit Judge.

Two questions are presented by this appeal:

(1) Whether a stockholder objecting to the compromise of a corporate cause of action in a derivative suit brought by other stockholders is entitled to participate in the action without being joined as a party plaintiff and has the right to introduce evidence in support of his objections; and

(2) Whether in a class action approval by the court upon the sole ground that it is recommended by reputable attorneys of a compromise agreed upon by all parties of record, one stockholder objecting, is an exercise of sound judicial discretion.

The action was instituted in 1935 by a stockholder of the L. A. Young Spring and Wire Corporation, which was organized under the laws of Michigan, on behalf of himself and all others similarly situated, to enforce the rights of the corporation against certain officers and other defendants. The complaint alleges that Leonard A. Young, as president of the corporation, and certain of its officers, directors, and employees had illegally obtained an aggregate of nearly a million dollars by personal borrowings from the corporation, and that Young and others had fraudulently caused the corporation to release these obligations and surrender valuable collateral which had been given as security therefor. Admissions in the various answers gave support to the charges but the case lay dormant until 1939 when amendatory and supplemental complaints were filed which alleged that Young, acting in violation of law had procured other sums from the corporation, amounting to more than a million dollars, by means of fraudulent contracts, an additional personal loan of $750,000, exorbitant salary and expense account allowances, royalty and bonus payments, and other unlawful expenditures of corporate funds for Young's personal benefit. United States Steel Corporation and the American Steel & Wire Company of New Jersey were joined as defendants and charged with receiving money known to have been unlawfully procured by Young from the corporation and with making illegal loan and rebate arrangements with Young in consideration of his procurement of contracts for the purchase of seventy-five per cent of the corporation's steel requirements from the United States Steel Corporation or its subsidiaries. Additional concessions in the answers to the various amendatory and supplemental complaints, in the reply to a request for admissions, and in answers to interrogatories disclosed that there was no substantial dispute that the various transactions between Young and the corporation had actually occurred, and two extensive reports of an accountant, made under oath and based upon an examination of the corporate books and records, tended to indicate that the transactions were unlawful and fraudulent as charged.

Negotiations for settlement were commenced several months before the case was pressed for trial in 1940 and were finally discussed with the court. The proposition involved here was that Young should pay to the corporation $275,000 in cash, should assign to it certain patents, and should cancel certain royalty agreements, and that in consideration therefor all liabilities of Young and the other defendants to the corporation should be released and discharged, and the suit be dismissed with prejudice.

Under Rule 23(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, a secondary class suit may be compromised with the approval of the court after notice to stockholders in the form directed by the court. In compliance with this rule an order to show cause why the proposed settlement should not be approved was served upon all stockholders, including the appellant, a resident of Chicago, Illinois. On May 29, 1940, the date set for hearing, appellant appeared by his attorney, opposed the proposed settlement, and filed a petition to intervene as plaintiff. Attorneys for plaintiffs and for other stockholders already permitted to intervene as parties, at the hearing stated in open court that they would not agree to the proposed settlement until proof was given of the insolvency of Young. The case was continued until June 29, 1940. Upon that date

**724**

plaintiffs' attorneys stated in open court that a signed statement had been submitted to them by Young and an investigation had been made by auditors which convinced them of his insolvency and that they therefore agreed to the settlement proposed. Appellant's counsel stated that he had seen the auditors' report only the day before, and that he desired to examine it more carefully. He objected to the proposed settlement and to the dismissal of the case with prejudice, upon the ground that the question of insolvency was based upon the current value of the corporation stock and that if the market improved, Young would become solvent. He asserted that the $275,000 payment provided for in the settlement barely covered interest chargeable to the money borrowed from the corporation, and claimed that the settlement should include yearly bonuses received and to be received in the future by Young. He also contended that the payment of $275,000 cash should be distributed as a dividend to the stockholders, but that Young should be denied any participation therein.

Neither Young's statement as to his alleged insolvency nor the auditors' report upon which the consent to the compromise of attorneys formerly objecting thereto was based, was introduced in evidence, nor included in the record. The court recognized that appellant was ready to proceed with evidence in support of his objection, but approved the compromise upon the sole ground that it was recommended by the attorneys of record. Appellant's petition to intervene as plaintiff was denied in a separate entry. A decree approving the compromise settlement and ordering that upon full performance of its terms the suit be dismissed with prejudice was then entered. Appellant did not appeal from the order denying the petition to intervene as plaintiff, but appeals from the final decree.

At the outset we are met by a motion to dismiss the appeal upon the ground that appellant is not a party to this cause and hence has no standing in this court. It is pointed out that no appeal was taken from the denial of the petition to intervene as plaintiff. The appellees also rely upon Rule 23(b) of the Rules of Civil Procedure as conclusively showing that the petition to intervene was properly denied because the proffered petition did not aver that the appellant was a shareholder at the time of the transaction of which he complains or

that his share thereafter devolved on him by operation of law. While the petition to intervene does not contain such averments it is conceded that important transactions, involving the sale to the corporation of alleged obsolete and worthless machinery and agreements to pay royalties to Young for the use of patents actually belonging to the corporation, which were relied upon in the two supplemental complaints filed March 7, 1939, and August 29, 1939, respectively, occurred after the appellant acquired his stock.

■ We think that Rule 23(b) does not require nor authorize dismissal of the appeal. Assuming that the court did not err, in absence of a request from appellant, in proffering no opportunity to amend and therefore rightly dismissed the petition to intervene as party plaintiff because it did not set forth the date upon which appellant's stock was acquired, this fact is not decisive. The class suit was not filed by appellant. If it had been, clearly appellant would have been compelled to comply with Rule 23(b). Appellant appeared in court in answer to the court's notice to show cause why the settlement should not be approved. This being the case, he was "like a defendant who is summoned by process of court and after an adverse ruling has the right to appeal." Pianta v. H. M. Reich Co., 2 Cir., 77 F.2d 888, 890; Mitchell v. Lay, 9 Cir., 48 F.2d 79, 85, certiorari denied 283 U.S. 864, 51 S.Ct. 656, 75 L.Ed. 1469. This ruling was specifically approved in Johnson v. Manhattan Ry. Co., 289 U.S. 479, 495, 53 S.Ct. 721, 77 L.Ed. 1331. Appellant is entitled as of right to prosecute the appeal.

■■ We therefore proceed to consider whether the District Court erred in overruling appellant's objection to the settlement, and in denying him an opportunity to introduce evidence as to the adequacy thereof. Since appellant is a party by virtue of the order to show cause, it follows that he had a right to be heard not only in argument, but in the presentation of evidence. This right was subject to the discretionary control of the court. It did not extend to the introduction of cumulative evidence upon matters already fully explored in the record, but it entitled appellant to examine the statement of Young as well as of the auditors, and if desired, to cross-examine thereon either in open court or in camera, as determined by the court for the best interest of the corporation.

■ Rule 23(c) provides that a class action may not be dismissed without approval of the court. Appellees contend that the court's power of approval is therefore discretionary, but concede that it must be exercised judicially upon a basis founded in good reason. Samuel Goldwyn, Inc., v. United Artists Corp., 3 Cir., 113 F.2d 703; Peterson v. John Hancock Mutual Life Ins. Co., 8 Cir., 116 F.2d 148; Cunningham v. Douglas, 1 Cir., 72 F.2d 536. In defining what constitutes the exercise of sound judicial discretion an element of first importance here is that the decree embodying the compromise involves and cuts off the rights of many not actually before the court. The final decree approving the compromise provided that its performance would release and forever discharge any and all claims of the corporation or its stockholders arising out of the allegations set forth in the various complaints. Conceding that in these class suits the plaintiff stockholder who bears the expense and burden of litigation should be permitted to discontinue if by so doing he does not prejudice the corporate right and the rights of other stockholders, the derivative nature of the claims requires that the compromise approved be adequate and fair to all concerned. Cf. McLaughlin, Capacity of Plaintiff-Stockholder to Terminate a Stockholder's Suit, 46 Yale Law Journal, 421.

In the instant case, upon May 29, 1940, when appellant first appeared in court, the issues had virtually been narrowed to the question of the solvency or insolvency of Young. If Young was solvent, appellant's objections had merit and the settlement, upon the admitted facts, was inadequate and unfair. In the hearings of March 29, 1940, and May 29, 1940, the attorneys for the parties plaintiff withheld their consent from the compromise upon this specific point. Upon June 29, 1940, they finally recommended the compromise because, as they stated, they were convinced by a written statement of Young and by an auditors' report thereon, that he was actually insolvent. The record does not embody these documents. The court, while thoroughly acquainted with the issues as defined in the pleadings, the interrogatories and the answers thereto, the previous reports of another accountant and various admitted facts of the case, in its approval of the compromise did not rely upon nor mention the statement of Young relating to his insolvency nor the auditors' report prepared in reference thereto. Finding that the stockholders were adequately represented by the plaintiffs of record, the court stated that it was "constrained to follow the recommendation of the majority of the attorneys." It considered that the allowance of the petition to intervene would simply add another attorney rather than another party, and concluded that it was its duty "in accordance with subdivision (c) of Rule 23 of the Rules of Civil Procedure to approve the dismissal of the proceedings upon the terms agreed upon between the attorneys at this time." In a further statement it said that it had "no hesitancy in following the advice of the lawyers who were in the case."

■ We think that this view of the obligation imposed upon the court under Rule 23(c) is erroneous. In effect the court refused to exercise the discretion imposed upon it of giving full consideration to all the facts available with reference to the adequacy and fairness of the settlement upon the ground that it had no power to do so since the attorneys of record approved the compromise. The documents relied upon by the attorneys should have been incorporated in the record. The appellant had a right to invoke the discretion of the court to decide whether the compromise recommended did in fact protect the interest of the corporation and of the stockholders. It was the duty of the court to consider the available evidence in this light, and its refusal or failure to consider it on the ground that it had no power or discretion so to do deprived the appellant of a substantial right. Cf. Felton v. Spiro, 6 Cir., 78 F. 576, 581. Under the circumstances here presented, Rule 23(c) does not justify approval of a proposed compromise of a class action solely upon the recommendation of attorneys even though they represent all parties of record. The rule provides for notice to stockholders not only in order that they may have the right to be heard but also in order that the court may have the benefit of that broader information which comes from receiving advice as to the views of all parties concerned and from considering evidence proffered by them upon the relevant points of the case. In other words, the rule was adopted to secure not routine approval of a consent decree, but in order to insure supervision of the court for the protection of the corporation and all the stockholders. Cf. McLaughlin, op. cit., supra.

■ As to the meaning of the term "discretion," the court in The Styria v. Morgan, 186 U.S. 1, 9, 22 S.Ct. 731, 734, 46 L.Ed. 1027, declared:

"The term *discretion* implies the absence of a hard-and-fast rule. The establishment of a clearly defined rule of action would be the end of *discretion* and yet discretion should not be a word for arbitrary will or inconsiderate action. 'Discretion means the equitable decision of what is just and proper under the circumstances.'"

 Whether action taken by the court lies within its sound discretion is ordinarily a question of fact whether under the rules of law and the established principles of practice, having regard to the rights and interests of all parties, justice and equity require the action in question. Langnes v. Green, 282 U.S. 531, 541, 51 S.Ct. 243, 75 L.Ed. 520. The exercise of discretion does not permit the court to disregard the substantive principles of law established for the protection of litigants. One of these principles is that judgments and decrees which make findings of fact shall be founded on evidence. Thus it is an abuse of discretion to refuse to receive and consider evidence by which the court's discretion should be guided or controlled. Goodyear Tire & Rubber Co. v. National Labor Relations Board, 6 Cir., 122 F.2d 450, 453, 136 A.L.R. 883; Commonwealth v. White, 147 Mass. 76, 78, 16 N.E. 707. Here the court found that the compromise was beneficial to and for the best interests of the stockholders. Its discretion in so finding could be properly exercised only under the influence of evidence produced and heard. The court was bound to hear the legal testimony concerning the compromise. Otherwise it could not safely decide the question of its propriety. Cf. Carrington v. Holabird, 17 Conn. 530, 539.

 The conceded facts show abuse of the corporate power by officers and directors, extensive borrowing of corporate funds and conversion of thousands of shares of stock by its president. The proposed settlement would require him to pay only a fraction of the amount withdrawn from the corporate treasury. Such a compromise is not adequate if the tort-feasor is solvent. If he is insolvent, the compromise may be reasonable and advantageous not only to the active parties but to the corporation and all the stockholders. The court could not protect the interests of the corporation and the approximately 3,600 absent stockholders by relying solely upon the advice of attorneys. Judicial discretion required that the court personally examine the statements of Young and of the auditors on which the attorneys who recommended the settlement relied. It also required that, subject to the control of the court properly exercised under the facts of the case, appellant be permitted to go forward with evidence limited to the single subject of the solvency of Young.

The decree is reversed and the case remanded for further proceedings in accordance with this opinion.