**BERGER v. DYSON et al.**

Civ. A. 942.

United States District Court
D. Rhode Island.

March 30, 1953.

Raymond J. McMahon, of Providence, R. I., and Abraham Pomerantz, New York City, for plaintiff.

Edward T. Hogan, William H. Edwards, Claude R. Branch, Matthew W. Goring and William A. Gunning, all of Providence, R.

I., Ralph McAfee, New York City, for defendants.

LEAHY, District Judge.

This matter was heard on a motion for approval by the Court, pursuant to Rule 23(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A. rule 23(c), of a proposed compromise of a stockholder's derivative suit brought on behalf of Textron Incorporated, a corporation duly organized and existing under the laws of the State of Rhode Island.

The action was originally commenced in this Court on October 20, 1948, when Lillian Berger, as the holder of fifty shares of the common stock of Textron Incorporated, filed a complaint against the corporation, its directors, and other persons and corporations who had been involved in various transactions with Textron. These transactions are alleged to have been in fraud of the rights of the corporation and its stockholders, and the complaint demands that the defendants be required to account to the corporation for the alleged profits and damages resulting therefrom.

There are also pending in this Court two other actions, one brought by David S. Fischman, and the other by Eva R. Levenson, in both of which claims are set forth that are generally similar to those made in the Berger complaint.

In answering the complaint, the defendants, other than the corporation, denied all charges of wrongdoing, and asserted various affirmative defenses. The corporation has submitted its rights to the protection of the Court.

In advance of the trial of the case the defendants furnished to the attorneys for the plaintiff more than 1800 documents, consisting in the aggregate of more than 10,000 pages, relating to the transactions referred to in the complaint.

The trial of the action was commenced on April 19, 1950 before Judge John P. Hartigan, then District Court Judge. The plaintiff offered proof on only five of the fifteen counts contained in the complaint. At the close of the plaintiff's case counsel for the plaintiff stated that the remaining counts were, in his opinion, without reasonable probability of success, and, upon motion, they were dismissed in this action by the Court.

After the close of the plaintiff's case, the defendants opened their defense, and shortly thereafter the trial was interrupted and a proposed compromise of all the litigation then pending relative to these matters was submitted to the Court for its approval.

At the ensuing hearing thereon before Judge Hartigan, several stockholders, including some holding a substantial number of shares, objected to the proposed settlement. At that hearing no offer of proof was presented by the parties either as to the defenses of the defendants to the counts then remaining, or as to the merit or lack of merit of the dismissed counts. The Court held that the evidence before it was inadequate for it to form an opinion as to the fairness of the proposed compromise. Being thus unable to determine the reasonableness thereof, and whether an approval of its terms would be to the best interests of the corporation, the Court rejected the proposal. The trial of the action was not resumed, but a new offer of compromise has now been submitted for the approval of the Court. Adequate notice and opportunity to be heard have been given to all persons entitled thereto, and the offer is now properly before the Court for final determination as to its fairness and adequacy.

Briefly, the substance of the terms of this proposed compromise is that defendant American Associates, Inc., a family corporation of Mr. Royal Little, who was the president and a director of Textron at the time of the transactions complained of, will cause $400,000 to be paid to Textron, in return for a release from Textron to the defendants and to certain other persons. This release will cover all the claims of the corporation which are based upon any of the transactions originally set forth in the Berger complaint and in the complaints of the other similar actions brought on behalf of Textron. If the proposed compromise is approved by the Court, judgment is to be entered for all the defendants served in these several actions, and the complaints therein will be dismissed on the merits and with prejudice to the plaintiffs, to the cor-

poration, and to each and every stockholder of the corporation.

At the hearing held by the Court to determine the fairness of this new offer of compromise, the defendants introduced considerable testimony in answer to all the allegations contained in the several complaints. The Court has carefully examined the whole record available to it in all these proceedings, with a view to determining whether the proposed compromise is for the best interests of the corporation, and whether the consideration payable thereunder to the corporation is fair, reasonable, and adequate under the circumstances.

■ The dismissal of a class action pursuant to an offer of compromise is discretionary with the Court. Ladd v. Brickley, 1 Cir., 1946, 158 F.2d 212, certiorari denied 330 U.S. 819, 67 S.Ct. 675, 91 L.Ed. 1271; Cohen v. Young, 6 Cir., 1942, 127 F.2d 721, certiorari denied 321 U.S. 778, 64 S.Ct. 619, 88 L.Ed. 1071. This discretion is to be exercised on the basis of evidence before the Court, and a compromise will be approved only if the Court finds that the compromise is in the best interests of the corporation and its stockholders. Ladd v. Brickley, supra. The burden is on the proponents of a compromise to show that the proposed compromise is fair, and that an acceptance of its terms will be to the best interests of the corporation.

■ Various elements in favor of compromise, none of which is conclusive in itself, may be considered by the Court in determining whether or not the compromise should be approved. One of the factors to be considered is the opinion of the present board of directors of Textron. Denicke v. Anglo California Nat. Bank, 9 Cir., 1944, 141 F.2d 285, certiorari denied 323 U.S. 739, 65 S.Ct. 44, 89 L.Ed. 592. The unanimous opinion of the board of directors is that the offer of compromise should be approved. No person who was a director at the time of any of the transactions complained of participated in the vote or discussion on this question, and the remainder constituted a quorum of the board.

■ Another general element to be considered on the question of the acceptability of the compromise is the attitude of those persons who are financially interested in the affairs of the corporation. Ladd v. Brickley, supra. Although not all the stockholders have expressed an opinion on the matter, of those who have given the Court the benefit of their preference, stockholders representing approximately 113,000 common and preferred shares have affirmatively recorded themselves as approving the compromise, whereas stockholders representing not more than 500 common shares have recorded their disapproval. Only 9 of more than 9,000 stockholders have expressed their opposition to the proposal, and the owners of the larger blocks of stock have urged its approval. It is significant that the owner of the largest number of common shares, who actively opposed the original offer of compromise, has expressed his approval of the offer now pending.

Opinions rendered by eminent counsel to the effect that the establishment of liability is improbable may also properly be considered in this connection. Ladd v. Brickley, supra. Counsel for the plaintiff Berger, an attorney of much experience in suits of this type, who has borne the main burden of prosecuting the claim of the stockholders in the Berger action, has expressed the opinion that at least ten of the original 15 counts of the Berger complaint are without reasonable probability of success, and that approval of the compromise would be in the best interests of the corporation.

■ It is conceivable that if this matter were tried to a final conclusion there would be no recovery for the corporation, but the Court need not commit itself to an answer on the merits of the controversy. It is sufficient that it recognizes that doubtful questions of law and fact are present. The very doubtfulness of these questions is a proper element to take into consideration in determining the desirability of a proposed compromise. Ladd v. Brickley, supra.

Furthermore, a trial of the case on its merits will undoubtedly be long, and will involve substantial expense to Textron. It will cause a diversion of the efforts of its

officers from proper attention to the business of the corporation, and may have a possible adverse effect on the good will of the corporation.

Upon consideration of the entire record made available to the Court, relative to all of the allegations contained in the complaints of the several stockholders' suits concerning Textron which are now pending before the Court, the Court finds that the proposed compromise is fair, reasonable, and adequate, and that its approval would be for the best interests of the corporation and its stockholders. The proposed compromise is therefore approved.

Counsel may present to the Court a proposed form of final judgment in accordance with this opinion, and to contain such other matters as may be appropriate for a final determination of this litigation.