Samuel BIRNBAUM, Loretta M. Ferguson, Bertha Hess, Leo Hess, Norman A. Hoefeld, Dorothy A. Joslyn, Estelle Mandelbaum, Sidney Mandelbaum, Lotta Ringer, Lucille R. Stern, Morton Weinress, Morton O. Weinress, Stephen Weinress and Susan Weinress, Plaintiffs,

v.

Lowell M. BIRRELL, David T. Bonner, John Doyle, George R. P. Farquhar, Edward Gledhill, John Glossinger, John V. Helberg, Stewart B. Hopps, Joseph M. Jaffin, David F. Kemp, Charles Plohn, Frank J. Reddon, Ruby Schinasi, Henry W. Wittner, William B. Yeager, American Druggists Syndicate, Inc., International Utilities Corporation, Louisville Fire & Marine Insurance Company, Rhode Island Insurance Company, Securities Corporation General, The Greater New York Industries, Inc., Universal Laboratories, Inc. and Bordon Avenue Utilities Corporation, Defendants.

Benjamin J. LEVEN, Rose G. Leven, Everett L. Pettit and Reta M. Pettit, Plaintiffs,

v.

Lowell M. BIRRELL, David T. Bonner, Stewart B. Hopps, Ruby Schinasi, William B. Yeager, American Druggists Syndicate, Inc., International Utilities Corporation, Louisville Fire & Marine Insurance Company, Rhode Island Insurance Company, Securities Corporation General, The Greater New York Industries, Inc., Universal Laboratories, Inc. and Borden Avenue Utilities Corporation, Defendants.

Arthur BROWN, individually and as Trustee for Peter A. Brown and Harry D. Brown, Plaintiffs,

v.

Lowell M. BIRRELL, Stewart B. Hopps, American Druggists Syndicate, Inc., Rhode Island Insurance Company, Louisville Fire & Marine Insurance Company, Securities Corporation General, International Utilities Corporation and Universal Laboratories, Inc., Defendants.

United States District Court,
S. D. New York.
April 25, 1955.

See also 72 F.Supp. 275.

· Bernard A. Saslow and Robert B. Block, New York City, for plaintiffs Birnbaum v. Birrell.

Tachna, Pinkussohn & Bauman, New York City, for plaintiffs Brown v. Birrell.

Levien & Singer, New York City, for defendant, Universal Labs. Inc. & Borden Ave. Utilities. Geist & Netter, New York City, for objecting stockholders.

EDELSTEIN, District Judge.

In these stockholders' derivative actions, the surviving plaintiffs and the defendant Universal Laboratories, Inc. have brought on for hearing, by order to show cause, motions to dismiss the actions subject to court approval of settlements, pursuant to Rule 23(c), Federal Rules of Civil Procedure, 28 U.S.C.A. The ex parte order to show cause provided for the publication of a notice in the New York Times and in the New York Law Journal, the notice to appear twice in each publication not less than ten days before the hearing date specified. On the return date of the motion there appeared in opposition holders of 100 shares of common stock,[*] objecting to the adequacy of the notice and requesting the appointment of a special master to inquire into the fairness of the settlement, at the corporation's expense.

The motion before the court does not seek judicial approval of the merits of the settlement agreements. Since the inception of the suits there has been a change of control of the defendant corporation. It is set forth in affidavits, without contradiction, that the present board of directors is wholly divorced from the acts and transactions which are the subject matter of the actions and no present officer or director of the defendant corporation is a defendant in any one of the suits. Moreover, the members of the board of directors who authorized the acceptance of the settlement offers own of record and beneficially 62.4% of the

[*] There are outstanding 1,820,711.94 common shares, and 350,000 shares of $5 preferred stock.

outstanding voting securities of Universal Laboratories, Inc. It is therefore urged that since the settlements have the approval of an independent directorate unconnected with the origin of the litigation and one which is peculiarly fitted to make a decision in the exercise of its honest business discretion, the purpose of Rule 23(c) is served without judicial inquiry into the merits of the settlements. They are characterized as a salvage operation, and one which the corporation would be unwilling to subject to the expense of a full scale inquiry.

■ ▇▇▇▇ The purpose of Rule 23(c) is undoubtedly aimed at the unsavory practice of private and collusive settlement of stockholders' suits. Winkelman v. General Motors Corp., D.C., 48 F.Supp. 504, affirmed Singer v. General Motors Corporation, 2 Cir., 136 F.2d 905. A scrutiny of the details of settlement is normally required in order to protect the interests of the corporation and its stockholders. But it has been suggested that if the court determines that the directors are acting as proper corporate representatives without self-interest, it "need inquire no further into the merits of the settlement; the corporation is then as free to act as if it had been the original plaintiff." McLaughlin, Capacity of Plaintiff-Stockholder to Terminate a Stockholder's Suit (1937), 46 Yale L.J. 421, 433–434, cited in Advisory Committee Note to Rule 23(c). It would seem that the duty of the court would then be fulfilled; so long as the bargaining is carried on at arm's length, it is reasonable to conclude that the court's responsibility does not encompass the achievement of the bargain. "When it comes to the compromise of highly controverted disputes, the field is a peculiarly appropriate one for the exercise of the honest business discretion of a corporation's duly accredited managers." Karasik v. Pacific Eastern Corp., 21 Del.Ch. 81, 180 A. 604, 611. And in a case where, as here, an independent inquiry into the merits would involve the great expense of protracted hearings upon numerous and intricate issues, the conclusion urged carries great weight. If every settlement of a derivative claim necessarily involved a full scale judicial inquiry, it might be quite impracticable to achieve a compromise in a salvage situation, to the disadvantage of the very ones within the protection of the Rule, the beneficiary corporation and its stockholders.

However, this position does not appear to have any authoritative support. The approval of an independent and disinterested board of directors is discussed in Berger v. Dyson, D.C., 111 F.Supp. 533, where Judge Leahy indicated that it was merely one of the factors to be considered. At a previous hearing in that case, the court rejected a compromise proposal because no proof on the merits was presented. And in Denicke v. Anglo California National Bank, 45 F.Supp. 524, affirmed, 9 Cir., 141 F.2d 285, certiorari denied, 323 U.S. 739, 65 S.Ct. 44, 89 L.Ed. 592, evidence on the merits was presented and heard although a management unconnected with the origin of litigation was involved. Rule 23(c) imposes upon the court a discretionary power which may be exercised only on the basis of evidence before it. Ladd v. Brickley, 1 Cir., 158 F.2d 212, certiorari denied, 330 U.S. 819, 67 S.Ct. 675, 91 L.Ed. 1271; Cohen v. Young, 6 Cir., 127 F.2d 721, certiorari denied 321 U.S. 778, 64 S.Ct. 619, 88 L.Ed. 1071. In the latter case, quoting from The Styria v. Morgan, 186 U.S. 1, 9, 22 S.Ct. 731, 46 L.Ed. 1027, the court declared, 127 F.2d at page 726:

"'The term *discretion* implies the absence of a hard-and-fast rule. The establishment of a clearly defined rule of action would be the end of *discretion* and yet discretion should not be a word for arbitrary will or inconsiderate action. "Discretion means the equitable decision of what is just and proper under the circumstances."'"

The ruling disapproved in the Cohen case as not in the exercise of discretion was a reliance on the recommendation of the attorneys of record. Although such a ruling does not rest on the same ground as one in reliance upon an arm's length bargain entered into by a directorate unconnected with the origin of the litigation, nevertheless it would appear to be a rule in abdication of the exercise of discretion.

 It is perhaps the basis of the view denying a free hand to an independent directorate that a court may not safely conclude, in the absence of becoming a "third party to the compromise * * *", Masterson v. Pergament, 6 Cir., 203 F.2d 315, 330, that the directors are indeed acting independently and that a settlement lacks all taint. Hence, the proponents of a compromise must bear the burden of proving that it is fair and to the best interests of the corporation.

 For similar reasons, the objecting stockholders have the standing to object to the adequacy of the notice given. In Cohen v. Young, supra, 127 F.2d 721, 725, the court said:

> "The rule provides for notice to stockholders not only in order that they may have the right to be heard but also in order that the court may have the benefit of that broader information which comes from receiving advice as to the views of all parties concerned and from considering evidence proferred by them upon the relevant points of the case. In other words, the rule was adopted to secure not routine approval of a consent decree, but in order to insure supervision of the court for the protection of the corporation and all the stockholders."

Thus, inadequate notice redounds to the prejudice of the objecting stockholders in depriving the court of the advice of other stockholders who might respond to a more extensive notice with evidence relevant to the protection of the corporation and all the stockholders. There are 7,500 stockholders here involved, distributed in all parts of the country. The notice given, in the circumstances now disclosed, was not broad enough to permit all interested stockholders to appear and be heard. It could be justified only on the basis of the acceptance of the view that the compromise involves only a routine salvage operation, carried out, by necessary inference, in the best interests of the corporation. But since I am unable, on the present showing, to accept that view, I must insist upon a more extensive notice.

The court is quite mindful of its responsibility in refusing to approve the compromise submitted, and of the possible consequence, a complete failure of compromise. Nevertheless, for the reasons stated, I must decline to give my approval without an exploration of the merits upon fuller notice. But in order to minimize the expense of any future proceedings, I have made arrangements for a retired judge of this court to preside at hearings, obviating the necessity of appointing a special master.