John SERTIC et al., Plaintiffs-Appellees,
Julius B. Conrad et al., Plaintiffs-Appellants,

v.

CUYAHOGA, LAKE, GEAUGA AND ASHTABULA COUNTIES CARPENTERS DISTRICT COUNCIL OF the UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, et al., Defendants-Appellees.

Nos. 71-1307—71-1309.

United States Court of Appeals,
Sixth Circuit.

May 18, 1972.

**580**

Ralph D. Kovanda, Cleveland, Ohio, for plaintiffs-appellants.

Kenneth G. Weinberg, Jerome N. Curtis, Cleveland, Ohio, for defendants-appellees; Avery S. Cohen, Gottfried, Ginsberg, Guren & Merritt, Marvin L. Karp, Ulmer, Berne, Laronge, Glickman & Curtis, Cleveland, Ohio, on brief.

Before EDWARDS, PECK and BROOKS,* Circuit Judges.

JOHN W. PECK, Circuit Judge.

In a prior appeal of this case, we decided that a referendum in which labor union members were given no opportunity to vote against an increase in their union dues (hereafter "wage assessment") without also voting against negotiations of an increase in wages was violative of § 411(a) (3) of the 1959 Labor Management Reporting and Disclosure Act, 29 U.S.C. § 401 et seq. Sertic v. Cuyahoga, 423 F.2d 515 (6 Cir. 1970). The case was remanded to the District Court with direction to supervise the disposition of any funds which had been collected pursuant to the illegal wage assessment and which were at that time in the possession of the local unions' District Council. Speaking through Chief Judge Phillips, this Court stated that it was for the members of the various local unions "to decide what disposition should be made of these funds in accordance with the Union constitution and by-laws." Sertic v. Cuyahoga, *supra*, 423 F.2d at 522.

Following the remand, several conferences were held between the parties, first before Chief District Judge Battisti and later before Judge Lambros, to effect proper disposition of the funds. The two principal matters in dispute and ultimately resolved in chambers concerned the amount of the funds to be distributed and the award of attorney's fees to plaintiffs' attorneys. Disagreement over the award of attorney's fees led to the withdrawal of one of the parties to the suit, Julius Conrad, because he, as a representative of the union members in the class action, could not without approval of the members sanction the amount of fees sought by counsel for plaintiffs.

Some ten months following the remand Judge Lambros issued two consent orders dated January 29, 1971, and an amendment to the orders dated February 3, 1971. In these orders, the District Court concluded that approximately $500,000.00 was available for distribution to the union members and that plaintiffs' attorneys should be compensated in the amount of $150,000.00 for their services, the fees to be deducted from the sum available for distribution. At no time were the union members given notice of the proposed orders by the District Court until after they had been entered. During February, 1971, a ref-

* Honorable Henry L. Brooks died on December 30, 1971.

erendum was held among the union members in which they voted to have the funds distributed on a pro rata basis to each of the members who had paid the wage assessments.

On February 25, 1971, appellants John G. Heyer and Sam Calo petitioned the District Court for intervention as parties plaintiff and appellant Julius Conrad petitioned for reinstatement as a party plaintiff, seeking to contest both the amount to be distributed to the members and the award of attorney's fees. The District Court denied the motions to intervene. Appellants thereafter filed this appeal from denial of the motions to intervene and from the orders of the District Court entered with respect to the distribution and attorney's fees.

■■ Appellants argue that the District Court erred in issuing the above orders without first holding an evidentiary hearing and without giving notice of the proposed orders to the plaintiff class. Before reaching these questions, however, we are met with the contention of appellees that appellants have no standing to appeal from the judgment of the District Court. Appellees argue that though appellants are members of the class being represented in the action, they were not parties to the proceedings and are therefore precluded from appealing the final judgment. We do not agree.

The present case falls almost squarely within our prior decision in Cohen v. Young, 127 F.2d 721 (6 Cir. 1942). Therein, a stockholder filed a petition to intervene upon receipt of notice by the District Court of a proposed compromise agreed upon by the parties to the action, including those parties representing the class of which appellant-stockholder was a member. The District Court denied the petition and no appeal was taken from that denial. Upon entry of final judgment in the District Court, appellant-stockholder filed an appeal. In deciding the question of appellant's standing to appeal the final judgment in Cohen, this Court stated:

"Appellant appeared in court in answer to the court's notice to show cause why the [compromise and] settlement should not be approved. This being the case, he was 'like a defendant who is summoned by process of court and after an adverse ruling has the right to appeal.' * * * Appellant is entitled as of right to prosecute the appeal." 127 F.2d at 724.

The only relevant distinction between the present case and Cohen lies in the omission of the District Court herein to notify the members of the class of the proposed orders and to afford them opportunity to present any adverse claims thereto. If such notice to the class and opportunity to present adverse claims was not required in the present case, we would be forced to conclude that appellant was never in the position of a "defendant who is summoned by process of court" and therefore has no standing to bring the appeal. Notice was, however, required.

Under Rule 23(e), F.R.Civ.P., a compromise entered into between the parties to a class action must be approved by the court "and notice of the proposed * * * compromise shall be given to all members of the class in such manner as the court directs." The above language is mandatory and where a compromise is negotiated between the parties, thereby forming the basis of the final judgment, omission of the notice requirement by the court is clear error and is prejudicial to the rights of the members of the class.

On the basis of the present record, we can reach no other conclusion than to find that a compromise occurred in the present case. No evidentiary hearing was ever held to determine in formal adversary proceedings the proper amount of the funds to be distributed or to determine reasonable attorney's fees. Rather, the determinations were made in the course of several conferences held by two successive District Judges and from which no evidence or record is available to provide a foundation for the court's orders. In this situation we note, al-

though reliance thereon is not essential to the conclusions herein reached, appellants' uncontroverted statement to the effect that more than $2,000,000 was collected illegally from the union members and that over $800,000 of that amount was still in the form of securities in the possession of the District Council. Since these statements were not challenged (except, without record references, in appellees' brief) it seems clear that the series of conferences were conducted to enable the parties to the dispute to decide among themselves upon an amount for attorney's fees and for distribution.

That this occurred is apparent from the Memorandum Opinion and Order of March 4, 1971, denying the motions to intervene, wherein the District Judge stated: "Eventually, after a series of conferences, an *accord* was reached as to the amount subject to distribution and a consent decree was entered thereon." (Emphasis supplied.) While they may not be precisely synonymous, the terms "accord" and "compromise" are often used interchangeably. See 15A C.J.S. Compromise and Settlement § 1.

As stated at the outset of this opinion, we directed in the previous appeal of this case that the union members were to decide what disposition should be made of the subject funds. The possibility is very real that in the process of compromise, concessions were made resulting in a considerably smaller pro rata distribution of the funds to the union members than would have existed had an evidentiary hearing or other formal proceeding been held. The union members cannot comply with this Court's direction to decide what distribution should be made of the funds where a part thereof might have been lost either by compromise or through error, or by designation as attorney's fees. The award of such fees was a distribution of part of the funds and constituted a material reduction in the amount available for distribution. It may or may not have been permissible to make these determinations without the active participation of individual union members, but determination of the amount available for distribution is so basic to the distribution itself that notification to the members was required of the final determinations as shown in the proposed orders, allowing opportunity for the presentation of any adverse claims.

Such notice was given in the class action in Cohen v. Young, 127 F.2d 721, *supra*, and the adverse claimants, though denied motions to intervene, were permitted to appeal as of right. *See* United States v. American Society of Composers, Authors, and Publishers, 442 F.2d 601, 605 (2d Cir. 1971). For the foregoing reasons, in the present case the wrongful omission of notice to the class does not provide a basis for prejudicing their right in this regard.

In turning to the merits of the appeal, we have already indicated that there is no record or evidence from the proceedings in the District Court which can form a basis for appellate review. Accordingly, we have no choice but to reverse and remand the cause to the District Court for the holding of an evidentiary hearing on the amount to be distributed to the members.

At such hearing, appellants Calo, Heyer, Conrad and other members of the class so desiring must be given a chance to present evidence. Calo and Heyer are trustees of their local unions and as such are charged with responsibility for the welfare of their members. They were interested in the action from its inception and in fact sent communications to the Court concerning their disapproval of the attorney's fees.

█ The District Court based its refusal to allow appellants to intervene primarily on their "dilatoriness" in filing the motions to intervene. However, in view of our determination that the Court should have given them notice of the proposed compromise to enable them to present evidence at the proper time, it is apparent that "dilatoriness" cannot stand as a ground for denial of the motions.

In Cohen v. Young, *supra*, 127 F.2d at 725, this Court established that the Rule requiring notice to class members of a proposed compromise carries with it the obligation of the Court to consider any available evidence from such members and to include in the record the documents relied upon to reach the compromise. We stated:

"The rule provides for notice to stockholders not only in order that they may have the right to be heard but also in order that the court may have the benefit of that broader information which comes from receiving advice as to the views of all parties concerned and from considering evidence proffered by them upon the relevant points of the case. In other words, the rule was adopted to secure not routine approval of a consent degree, but in order to insure supervision of the court for the protection of the corporation and all the stockholders.

\*   \*   \*   \*   \*   \*

"Whether action taken by the court lies within its sound discretion is ordinarily a question of fact whether under the rules of law and the established principles of practice, having regard to the rights and interests of all parties, justice and equity require the action in question. Langnes v. Green, 282 U.S. 531, 541, 51 S.Ct. 243, 75 L.Ed. 520. The exercise of discretion does not permit the court to disregard the substantive principles of law established for the protection of litigants. One of these principles is that judgments and decrees which make findings of fact shall be founded on evidence. Thus it is an abuse of discretion to refuse to receive and consider evidence by which the court's discretion should be guided or controlled. \*   \*   \*"

Cohen v. Young, *supra*, 127 F.2d at 725–726. While Cohen involved a stockholder's suit, this reasoning is directly applicable to the circumstances shown in the instant case, particularly since the intervenors occupy official positions within the local unions, in addition to being interested union members. We therefore conclude that the District Court was without discretion to refuse intervention to appellants. *See* Birnbaum v. Birrell, 17 F.R.D. 409 (S.D.N.Y.1955).

■ We reverse and remand this cause for the holding of an evidentiary hearing on the question of proper distribution of the subject fund and for any other appropriate action by the District Court consistent with the foregoing opinion.

In remanding this case we do not pass upon the dispute as to the power of the District Court to award attorney fees.

It is clear, of course, that attorney fees are not mentioned in the statute upon which this suit was based, 29 U.S.C. § 412 (1970). Whether such fees might nonetheless be allowed under the general powers of the District Court has produced answers which differ widely, depending upon the statutory language and the factual circumstances. *See generally*, Sprague v. Ticonic National Bank, 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184 (1939); Fleischmann Distilling Corp. v. Maier Brewing Co., 386 U.S. 714, 87 S.Ct. 1404, 18 L.Ed.2d 475 (1967); McCraw v. United Association of Journeymen, 341 F.2d 705 (6th Cir. 1965); Gartner v. Soloner, 384 F.2d 348 (3d Cir. 1967).

This issue was not litigated in the District Court, and it can best be decided after findings of fact and conclusions of law have been entered there.