Richard B. **SAGERS**

v.

**YELLOW FREIGHT SYSTEMS, INC., et. al.**

**Civ. A. No. 14510.**

United States District Court, N. D. Georgia, Atlanta Division.

Sept. 12, 1975.

Jack Greenberg and Wm. L. Robinson, New York City, Crosland, Myer & Rindskopf, Elizabeth R. Rindskopf, Atlanta, Ga., for plaintiff.

Fisher & Phillips, Robert L. Mitchell, Atlanta, Ga., Cecil D. Branstetter, Branstetter, Moody & Kilgore, Nashville, Tenn., William H. Carey, Debra Miller, E. E. O. C., Washington, D. C., L. N. D. Wells, Jr., Mullinax, Wells, Mauzy & Baab, Inc., Dallas, Tex., Henry M. Rosenblum, Robert B. O'Keefe, Houston, Tex., for defendants.

## ORDER

RICHARD C. FREEMAN, District Judge.

This action is presently before the court on the motion of Edgar Stowers, et al., under Rule 60(b), Fed.R.Civ.P., to vacate the order of this court entered on September 10, 1974 approving a proposed consent decree. *Sagers v. Yellow Freight System, Inc.*, 388 F.Supp. 528 (N.D.Ga.1974). *See* note 5 *infra.* Movants are unnamed members of the class previously certified in this action, *Sagers v. Yellow Freight System, Inc.*, 58 F.R.D. 54 (N.D.Ga.1972), and contend that this court ignored the clear mandate of Rule 23(e), Fed.R.Civ.P., "when it approved and entered the Consent Decree without first giving notice of the terms and conditions of the Decree to the members of the affected class." Rule 23(e) provides as follows:

A class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs.

■ There is no dispute that the terms of this rule are mandatory, designed in part

to protect the nonparty members of the class from unjust or unfair settle-

ments affecting their rights when the representatives become fainthearted before the action is adjudicated or are able to secure satisfaction of their individual claims by a compromise.

C. Wright & A. Miller, *Federal Practice and Procedure* § 1797 at 226 (1972). Although this court does not question the good faith of the representative party or counsel for the representative party,[1] in light of recent developments in the law with respect to the availability of the back pay remedy in Title VII suits,[2] the courts should give close scrutiny to class action settlements which eliminate back pay for unnamed class members while providing for a back pay award to the named class representative. On the other hand, this court does not doubt that the named parties may enter an effective compromise, in an effort to speed resolution of what would otherwise amount to an interminable Title VII action, by partially eliminating or greatly reducing the award of back pay which might otherwise be warranted. *Cf. United States v. Allegheny-Ludlum Industries, Inc.*, 517 F.2d 826 (5th Cir. 1975).[3] Moreover, in light of the strong federal policy toward compromise and settlement of such claims, *id.*, it should be noted that a ruling that an order approving a consent decree is void or voidable because of a procedural or (argua-

---

1. The question of "adequacy of representation," ordinarily a matter resolved in determining the propriety of certifying an action as a class action in the first instance, may nevertheless be resurrected at a later stage in the proceeding. This question is often considered in conjunction with matters relating to the sufficiency of notice under Rule 23(e). *See, e. g., American Employers' Ins. Co. v. King Resources Co.*, 20 Fed.R.Serv.2d 161 (D.Colo.1975). On the other hand, such an inquiry is somewhat more circumscribed at the settlement stage of the action; and the mere fact certain class members may be dissatisfied with the proposed settlement does not compel a finding that the named plaintiffs are *per se* inadequate representatives. *Id.*

2. At the time the instant action was certified as a class action, the question of the propriety of allowing class-wide back pay in ac-

tions certified under Rule 23(b)(2) was unsettled. The matter has now been resolved in this jurisdiction. *E. g., Franks v. Bowman Transportation Co.*, 495 F.2d 398 (5th Cir. 1974); *Pettway v. American Cast Iron Pipe Co.*, 494 F.2d 211 (5th Cir. 1974). The Supreme Court has recently ruled that "given a finding of unlawful discrimination, backpay should be denied only for reasons which, if applied generally, would not frustrate the central statutory purposes of . . . making persons whole for injuries suffered through past discrimination." *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 95 S.Ct. 2362, 2373, 45 L.Ed.2d 280 (1975). *See also id.* at n. 14 (reasons for declining to award back pay must be "carefully articulated").

3. The ruling in this case resulted from the efforts of private parties to intervene in a "pattern or practice" suit brought by the

bly) a constitutional defect, is not equivalent to a ruling that the proposed decree is otherwise invalid. Certainly, such a ruling is not equivalent to a ruling allowing intervention on the part of movants herein.

As noted above, there is no doubt that the provisions of Rule 23(e) are mandatory and serve to invalidate a consent decree, where absent members of the class were not notified of the pending approval of the decree. *E. g., Sertic v. District Council, United Brotherhood of Carpenters & Joiners,* 459 F. 2d 579 (6th Cir. 1972). *Cf. Mungin v. Florida East Coast Ry.,* 318 F.Supp. 720 (M.D.Fla.1970), *aff'd,* 441 F.2d 728 (5th Cir.) (per curiam), *cert. denied,* 404 U.S. 897, 92 S.Ct. 203, 30 L.Ed.2d 175 (1971). Most of the cases dealing with this issue, however, have concerned the sufficiency of the notice actually provided rather than the absence of any notice whatsoever. *E. g., In re Four Seasons Securities Laws Litigation,* 502 F. 2d 834 (10th Cir. 1974); *Mungin v. Florida East Coast Ry., supra.* Thus, this court is uncertain whether failure to provide notice renders the consent decree void ab initio or merely voidable. This distinction is critical in two respects. First, a court has discretion under Rule 60(b)(1) to decline to vacate a merely voidable judgment, C. Wright & A. Miller, *supra* § 2857, based on consideration of several factors; whereas, under Rule 60(b)(4), no question of dis-

cretion exists with respect to a void decree, C. Wright & A. Miller, *supra* § 2862. Secondly, the time limitations ordinarily applicable to motions filed under the other subdivisions of Rule 60 do not apply to motions under subdivision b(4). *Id.* In this regard, it is well settled that a judgment entered in violation of concepts of due process of law is void. *E. g. Bass v. Hoagland,* 172 F.2d 205 (5th Cir.), *cert. denied,* 338 U.S. 816, 70 S.Ct. 57, 94 L.Ed. 494 (1949).

Although the extent to which Rule 23 incorporates constitutional principles is uncertain, it is clear that when absent class members are inadequately represented by the named plaintiffs they are deprived of due process of law, and the resulting judgment is not afforded res judicata effect insofar as it purports to bind absent class members. *Hansberry v. Lee,* 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed. 22 (1940); *Gonzales v. Cassidy,* 474 F.2d 67 (5th Cir. 1973). Settlement of a class claim without providing for back pay to unnamed class members may not constitute ineffective representation *per se, see* notes 1–3 and accompanying text, *supra;* however, when the settlement is entered without notice to the unnamed class members, those members may have been equally deprived of due process. In fact, recent case authority supports the proposition that effective notice to unnamed class members is a requisite of constitutional due process. *E. g., Grunin v. International House of*

---

Government pursuant to § 707 of Title VII, 42 U.S.C. § 2000e–6; therefore the holding of that case may not be strictly controlling with respect to actions such as this, which are commenced by private parties under § 706, 42 U.S.C. § 2000e–5. Nevertheless, the portions of the *Allegheny-Ludlum Industries, Inc.* case discussing the appropriate standard of review of Title VII consent decrees would seem equally applicable in any species of case: "[W]e cannot conceive of how any employment discrimination dispute could ever be resolved outside, or indeed inside, the courtroom, if defendants were forbidden to obtain binding, negotiated settlements." *Id.* at 858. While it seems doubtful that a decree eliminating all classwide back pay is

permissible where, as here, a determination of liability has been made, *see Sagers v. Yellow Freight, Inc.,* 388 F.Supp. 507 (N.D.Ga. 1973) (granting in part plaintiffs' motion for summary judgment); note 2, *supra,* a consent decree providing for a release or partial release of a viable backpay claim, with an option to "opt out" would seem permissible. *United States v. Allegheny-Ludlum Industries, Inc., supra.* This court has in effect adopted an analogous procedure in concluding that the back pay aspects of a Title VII action should be certified in a bifurcated proceeding under Rule 23(b)(3). *Freeman v. Motor Convoy, Inc.,* 68 F.R.D. 196 (N.D.Ga.1974), *reconsideration denied,* 68 F.R.D. at 204 (1975).

*Pancakes,* 513 F.2d 114 (8th Cir. 1975); *Greenfield v. Villager Industries, Inc.,* 483 F.2d 824 (3d Cir. 1974); *In re Four Seasons Securities Laws Litigation, supra, rev'g* 59 F.R.D. 667 (W.D.Okl. 1973). Absent any notice, or absent sufficient notice, a consent decree is arguably void and subject to Rule 60 attack at any time. *See id.*

■ There is no clear authority in this circuit regarding the issue; therefore, this court is reluctant to rule that the decree sub judice is void on constitutional grounds because of failure to afford notice to the unnamed class members. On the other hand, by analogy to other opinions controlling in this jurisdiction, this court does not doubt that the Court of Appeals for the Fifth Circuit will join the weight of recent authority in ruling that the Rule 23(e) notice requirement is a mandatory requisite of constitutional due process. *Cf. Calhoun v. Cook,* 487 F.2d 680 (5th Cir. 1973) (adoption of proposed plan in school desegregation case without a plenary hearing is improper); *Gonzales v. Cassidy, supra; Massachusetts Casualty Ins. Co. v. Forman,* 469 F.2d 259 (5th Cir. 1972). In any event, even if the order under attack were not void on con-

stitutional grounds and subject to a Rule 60(b)(4) motion, the order constitutes plain error under Rule 23(e) and would certainly be subject to a motion under Rule 60(b)(1). In these circumstances, it would serve little purpose for this court to conclude, in its discretion, that the order should nevertheless stand as entered; for the movants herein, and other unnamed class members would certainly not be barred by the order from seeking relief in their own behalf in a separate action. As a result, refusing to vacate the decree in question, while arguably permissible in light of the possible validity of the decree irrespective of the absence of notice, would be intolerable in terms of judicial economy and efficiency.

■ In sum, for the reasons hereinabove expressed, this court has concluded that the consent decree approved by this court on September 10, 1974, and presently under review in the United States Court of Appeals for the Fifth Circuit,[4] is void and subject to attack under the provisions of Rule 60(b). Accordingly, should the action be remanded to this court, the judgment heretofore entered will be vacated and set aside.[5]

It is so ordered.

---

4. As a result of the pending appeal, defendants argue that this court is without jurisdiction to enter relief under Rule 60(b). *E. g., McDowell v. Celebrezze,* 310 F.2d 43 (5th Cir. 1962). While, this contention is correct, the Court of Appeals may remand the action and this court does have jurisdiction to "indicate" that it will grant a Rule 60(b) motion, should the action be remanded for that purpose. *E. g., Ag Pro, Inc. v. Sakraida,* 481 F.2d 668, 669 (5th Cir. 1973); *Ferrell v. Trailmobile, Inc.,* 223 F.2d 697 (5th Cir. 1955); *Henderson 66 Sales, Inc. v. Harvison,* 58 F.R.D. 408 (N.D.Tex.1973); *Mungin v. Florida East Coast Ry., supra; C. Wright & A. Miller, supra* § 2873. The authority in this complex procedural area is not uniform, however. *Id. Compare Doe v. Hodgson,* 500 F.2d 1206 (2d Cir. 1974) with *Canadian Ingersoll-Rand Co. v. Peterson Products of San Mateo, Inc.,* 350 F.2d 18 (9th Cir. 1965). *Cf. Norman v. Young,* 422 F.2d 470, 475 (10th Cir. 1970).

5. The order entered by this court on September 10, 1974 was actually a hybrid order, in that the court granted plaintiffs' motion for summary judgment with respect to questions regarding the appropriate relief, overruled the defendant Unions' objections to the proposed decree, and approved the decree. As a result, plaintiffs argue that this court should defer a ruling on the motion sub judice pending resolution of the questions on appeal, which presumably relate to the summary judgment motions as well as the validity of the consent decree. The only portions of the September 10, 1974 order subject to the Rule 60(b) motion are the portions approving the consent decree; however, it is arguably these portions of the order that made it appealable in the first instance. The propriety of remanding the case in part or completely is a matter which must be presented to the appellate court.