Walter LASKEY, Charles Doan, Anthony Grabowski and George McAuley for themselves and on behalf of a class of persons similarly situated, Plaintiffs-Appellants,

v.

INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW) and Houdaille Industries, Inc., jointly and severally, Defendants-Appellees.

No. 79–1180.

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 11, 1980.

Decided Jan. 22, 1981.

Randall M. Wokas, Rickel, Urso, Wokas, Earle & Robb, Detroit, Mich., for plaintiffs-appellants.

James D. Tracy, Dykema, Gossett, Spencer, Goodnow & Trigg, Cameron Piggott, Detroit, Mich., for Houdaille Industries, Inc.

Bruce A. Miller, Barbara C. Somson, Miller, Klimist, Cohen, Martens & Sugerman, Renate Klass, Nancy Schiffer, Kathy J. Ganger, Cameron Piggott, Detroit, Mich., for Union.

Before ENGEL and KENNEDY, Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM.

Plaintiffs-appellants appeal the grant of summary judgment for defendants-appellees in their class action suit. Appellants, retired employees of appellee Houdaille, claimed Houdaille breached its employment contract with them by not providing for lifetime health insurance benefits. They claimed appellee UAW did not adequately represent them in their prior lawsuit against Houdaille and committed legal malpractice. The District Court held that the breach of contract claim had been litigated between the parties before, the parties had reached a settlement, and the court had approved the settlement after a hearing. Thus, res judicata barred their claim against Houdaille for health insurance benefits. The court had necessarily determined before accepting the settlement that the class had been adequately represented and thus it concluded that appellants were collaterally estopped from asserting their malpractice claim against the UAW.

Appellants argue they were not bound by res judicata because the procedure in the prior action did not adequately protect the interests of the class. Allegedly the following defects deprived appellants of due process: class counsel had a conflict of interest because the UAW represented the retired workers but also represented itself in that it expected to be reimbursed for monies it had advanced to keep the health insurance in effect; the notices did not sufficiently tell class members of their right to opt out, of their right to their own attorney, or of the UAW's claim for reimbursement; the notice of proposed settlement stated the named representatives agreed to the proposed settlement when the representatives did not; and the court accepted the settlement over the objection of the named par-

ties. They argue the UAW did not adequately represent its clients as it ignored the wishes of the named class representatives and presented a settlement to which the named representatives strongly objected.

Appellees argue that the notices were sufficient, the court conducted an evidentiary hearing and noted objections, and the court found that the class was adequately represented and the settlement was fair. These findings are not clearly erroneous, they argue, and appellants are barred from relitigating the contract claim. The UAW further argues that the court below necessarily determined the class was adequately represented by legal counsel, which precludes collateral attack claiming legal malpractice. Class counsel is supposed to represent the class, not the named parties: that the named parties objected does not prove the settlement was unfair or that the class counsel acted improperly. Appellees protest collateral attack by appellants after appellants received all benefits under the settlement.

A judgment in a court of competent jurisdiction binds the parties to the suit in any subsequent litigation dealing with that same cause of action on every matter that was or could have been litigated. When the same parties litigate a different cause of action, they are bound by a prior determination of any matter actually litigated before between the parties. *See Commissioner v. Sunnen*, 333 U.S. 591, 597–98, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948). A judgment in a class action binds the class where the class had been adequately represented or where they actually participated in the litigation. An absent member will not be bound if he proves the procedure did not adequately insure the protection of his interests. *See Hansberry v. Lee*, 311 U.S. 32, 40–43, 61 S.Ct. 115, 117–18, 85 L.Ed. 22 (1940); *Gonzales v. Cassidy*, 474 F.2d 67 (5th Cir. 1973).

In the original suit, the UAW as party plaintiff sued Houdaille when Houdaille announced it was going to close its Detroit plant and would terminate health and life insurance benefits which had been paid under the employment contract. Houdaille insisted the retired employees be added as a class and four retired employees were named as party representatives. Three of the present appellants were named parties and the fourth was an unnamed member of the class. The UAW sent a letter to class members describing the suit and offering to litigate it in their behalf. The union paid the health insurance premiums during the pendency of the lawsuit. A settlement was negotiated whereby Houdaille would provide life insurance coverage on each member of the class until that member died and would provide health insurance benefits for each until May 31, 1978. Houdaille also agreed to reimburse the UAW about $70,000 for the $100,000 it had already paid for health insurance premiums. A notice of the proposed settlement was sent to the 109 members of the class and a hearing was held. About 55 members showed up at the hearing. Complaints from about seven members were noted by the court. Each of these complaints was that the employee wanted lifetime health insurance benefits. The court considered these complaints, was notified that the named plaintiffs did not approve of the settlement, and approved the settlement. No appeal was taken from the judgment incorporating the settlement. The present suit was filed August 11, 1978.

As the appellants and Houdaille previously litigated the very contract claim they now assert, res judicata bars their claim unless they can prove a due process violation that prevented their interests from being adequately represented. This Court cannot find a due process violation.

The notice of the pendency of the class action stated that all members would be bound and that each had the right to retain independent counsel and intervene as a plaintiff. This class action could be either brought under Rule 23(b)(2), Fed.R.Civ.Pro., which does not have a right to opt out, or under Rule 23(b)(3). In the interests of judicial economy and efficiency, the court should treat the class as a Rule 23(b)(2) class. *See Wetzel v. Liberty Mutual Insur-*

ance Co., 508 F.2d 239, 253 (3d Cir.), cert. denied, 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 679 (1975); Mungin v. Florida East Coast Ry. Co., 318 F.Supp. 720, 730, 732 (M.D.Fla.1970), aff'd, 441 F.2d 728 (5th Cir.), cert. denied, 404 U.S. 897, 92 S.Ct. 203, 30 L.Ed.2d 175 (1971). Thus, the failure to notify the class members of the right to opt out of the class is not a violation of due process.

The letter from the UAW indicated the union was paying for the premiums during the pendency of the lawsuit and the notice of the proposed settlement clearly indicated the terms of the settlement including reimbursement to the UAW. The proposed settlement did erroneously state that the named plaintiffs agreed to the settlement terms, but that error was pointed out to the court. The District Court was fully aware of the complaints of the named plaintiffs and others. The named plaintiffs and other class members were adequately advised of the opportunity to object and the court considered all objections. No one objected to the UAW receiving benefits, to the alleged conflict from the union being party plaintiff and class counsel, or to the inadequacy of the notices.

■ The acceptance of a settlement in a class action suit is discretionary with the court and will be overturned only by a showing of abuse of discretion. See Grunin v. International House of Pancakes, 513 F.2d 114, 123 (8th Cir.), cert. denied, 423 U.S. 864, 96 S.Ct. 124, 46 L.Ed.2d 93 (1975); Cohen v. Young, 127 F.2d 721, 724–25 (6th Cir. 1942). Accepting a settlement over the objections of the named representatives is not necessarily an abuse of discretion. See Bryan v. Pittsburgh Plate Glass Co., 494 F.2d 799, 803 (3d Cir.), cert. denied, 419 U.S. 900, 95 S.Ct. 184, 42 L.Ed.2d 146 (1974); Mungin, supra, 318 F.Supp. at 731.

■ The District Court below found as a matter of fact that the class had been adequately represented by the class representatives and that legal counsel was adequate. That the class counsel proposed a settlement which the named representatives opposed does not prove that the interests of the class were not protected. Significantly, only seven out of 109 made any kind of objection and the objections made indicated these employees did not want to compromise at all but wanted full benefits, rather than making any complaint directed to the adequacy of their legal representation.

Thus, this Court cannot find any due process violation that would prevent the res judicata effect of their prior litigation of the contract claim for health insurance benefits.

■ Since appellants had the opportunity to object to the legal representation at the prior settlement hearing and since a finding that the class was adequately represented is necessary for finding the settlement was fair and reasonable, which in turn was essential to approving the settlement, see Grunin, supra, 513 F.2d at 123, appellants are collaterally estopped from now asserting that the legal representation was not adequate and that the UAW committed legal malpractice.

The opinion of the District Court is affirmed.