Agee ALLEN and Ronald Battle,
Plaintiffs,

v.

William ISAAC, Chairman, Federal Deposit Insurance Corporation, Defendant.

No. 81 C 0911.

United States District Court, N.D. Illinois, E.D.

Nov. 22, 1983.

Paddy Harris McNamara, Chicago, Ill., for plaintiffs.

Daniel Murray, Asst. U.S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

WILLIAM T. HART, District Judge.

On August 2, 1983, 99 F.R.D. 45, this Court certified a class pursuant to Fed.R. Civ.P. 23(b)(2), as follows:

> All black assistant bank examiners employed nationwide by the FDIC who took the Progress Evaluation Examination for promotion to commissioned bank examiner on or after August 30, 1979 and were rated either as "deferred" or "reevaluate" or who will take the Progress Evaluation Examination during the pendency

of this litigation and will be rated either as "deferred" or "reevaluate."

Currently pending are the parties' objections to their respective proposed notice of class certification. Each objection will be discussed in turn.

(1) Plaintiff's proposed notice is addressed to:

> All black persons who are assistant or commissioned bank examiners employed by the FDIC whose promotion to commissioned examiner was denied or delayed subsequent to taking the progress evaluation in Washington, D.C.

Defendant objects to this characterization as it "is addressed to a class (larger) other than the one set by this Court." The Court agrees. A notice generally should be addressed exactly as it was described in the Order of August 2, 1983. In that way, only members arguably injured on or after August 30, 1979 will be reached.

Nonetheless, it now appears that a better characterization of the class, one which takes into consideration that some members are now commissioned examiners and others have left the employ of the FDIC, is:

> All black persons who when employed nationwide by the FDIC as assistant bank examiners took the Progress Evaluation Examination for promotion to commissioned bank examiner on or after August 31, 1979 and were rated either as "deferred" or "reevaluate" or who will take the Progress Evaluation Examination during the pendency of this litigation and will be rated either as "deferred" or "reevaluate."

The class certification order of August 2, 1983 is amended accordingly.

(2) In their section captioned "Nature of Lawsuit," the plaintiffs suggest that potential members be told that "[c]opies of the complaint and the order certifying the class can be obtained from the plaintiffs' counsel. Do not make inquiries to the Court." The defendant objects on the grounds that plaintiffs' counsel has issued an unwarranted invitation to represent proposed members by acting as a conduit to court documents. He also argues that access to the

court cannot be restricted without good reason and that the complaint and order are public documents. The defendant suggests that the expense involved in attaching copies of the documents to the notice would not be great and the attachment would cure some of his objections.

In the context of a class action, it is ethical for counsel for the named plaintiffs to serve as a source of information to members without individual representation. The requirement of adequate representation implies communication between plaintiffs' counsel and members in appropriate circumstances.

Conversely, counsel for the defendant is correct that all court documents are public records and access to the court cannot be restricted unreasonably. One way to accommodate the interests of all parties and to save the clerk's office unnecessary intrusion is to inform potential members that the complaint and order are available either from Ms. McNamara or for copying in the office of the Clerk of the Court. Of course, if the plaintiffs choose to attach copies of the complaint and order of class certification to the notice, they may do so. The notice also will indicate that questions about the litigation should be directed to Ms. McNamara and questions about the notice to the Court.

(3) Plaintiffs' proposed notice indicates "[y]ou will be notified further as this litigation progresses," a statement which the defendant believes "unnecessarily complicat[es] matters and foster[s] additional litigation in this case." However, it is not improper to tell potential class members that they may receive additional notification about a lawsuit in which their rights are at stake.

(4) Plaintiffs' draft notice proposes that the District Judge sign the notice. The defendant correctly observes that the rule in the Seventh Circuit is that such apparent judicial sponsorship of this litigation is unwarranted and misleading. *Wood v. New York Life Insurance Co.,* 686 F.2d 578 (7th Cir.1982). The final notice will not be signed.

(5) Defendant's draft notice tells the proposed members that the certified class excludes "black bank examiners who experienced delay in promotion for non-discriminatory reasons or non-discriminatory periods." The better way to convey the Court's limitations to the proposed members, however, is to inform them that they will be excluded from the class if their period of delay in promotion or the reason they were not promoted is found to be non-discriminatory. Such notice will not imply that a proposed member must determine without the Court's guidance what period of delay might have been discriminatory or what a discriminatory reason might be.

(6) The defendant proposes the use of an opt-out mechanism for potential class members. Plaintiffs object, arguing that even if an opt-out provision is applicable in classes certified pursuant to Fed.R.Civ.P. 23(b)(2), this class is cohesive and due process is not offended absent such an option. The Court finds that the interests of the potential members would be served best by permitting them to disassociate from this class action.

The defendant argues that despite subsection (b)(2) certification, this class is really a hybrid, having both (b)(2) (injunctive and declaratory relief) and (b)(3) (monetary relief) characteristics. The plaintiffs rely on the Supreme Court's holding that the notice provision of Fed.R.Civ.P. 23 "(c)(3) [mandating a notice with an opt-out provision to (b)(3) class members] is inapplicable to class actions for *injunctive or declaratory* relief maintained under subdivision (b)(2)." (emphasis added). *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 171 n. 14, 94 S.Ct. 2140, 2149 n. 14, 40 L.Ed.2d 732. The Court, however, has not said that discretionary notice is prohibited to all but (b)(3) classes, nor has it specifically considered whether the opt-out choice may be extended beyond the confines of subsection (b)(3).

The Federal Rules of Civil Procedure expressly permit the Court to make any ap-

propriate orders, including the giving of notice, where to do so would promote fairness and protect the interests of unnamed class members. Fed.R.Civ.P. 23(d)(2). Prior to *Eisen* the Seventh Circuit ruled that " 'notice is required [for a binding judgment] as a matter of due process in *all* representative actions, and 23(c)(2) merely requires a particularized form of notice in 23(b)(3) actions.' " (emphasis added). *Schrader v. Selective Service System Local Board No. 76 of Wisconsin,* 470 F.2d 73, 76 (7th Cir.), *cert. denied,* 409 U.S. 1085, 93 S.Ct. 689, 34 L.Ed.2d 672 (1982), *quoting Eisen v. Carlisle & Jacquelin,* 391 F.2d 555, 564 (2d Cir.1968). The *Schrader* court ruled that way despite its express acknowledgment that the notice provision of 23(d)(2) is permissive.

Subsequent to *Eisen,* the Seventh Circuit said that its holding in *Schrader* "will presumably have to be reexamined at an appropriate time," but not then. *Biejeol v. Benson,* 513 F.2d 965, 968 n. 3 (1975). No case was discovered which subsequently limited or reversed the *Schrader* rule mandating notice to *all* unnamed class members. Thus, the Court concludes that it is proper, if not mandatory, to require that a notice be sent to the potential class members in this action. It remains to decide whether an opt-out right should be included in the notice.

The Seventh Circuit has not spoken to the issue and there is a split among the courts of appeal over whether the failure to permit opting out in (b)(2) classes is a due process violation. *Compare Kyriazi v. Western Electric Co.,* 647 F.2d 388 (3d Cir. 1981); *Laskey v. International Union, United Automobile Aerospace & Agricultural Implement Workers,* 638 F.2d 954 (6th Cir. 1981); *Dosier v. Miami Valley Broadcasting Corp.,* 656 F.2d 1295 (9th Cir.1981) (cases holding no violation occurs if opt-out is not provided for) *with Holmes v. Continental Can Co.,* 706 F.2d 1144 (11th Cir.1983); *Penson v. Terminal Transport Co.,* 634 F.2d 989

(5th Cir.1981) (cases holding that in some circumstances chance to opt-out is required). *See also Monroe v. United Air Lines,* 90 F.R.D. 638 (N.D.Ill.1981) (notice of right to *opt-in* within court's discretion). Where opting-out has been permitted, the usual reason is that the (b)(2) class is a hybrid, involving claims for classwide and individualized relief. *See, e.g., Holmes v. Continental Can Co., supra,*[1] and the cases cited therein.

The rationale for permitting a potential class member to opt-out of a hybrid (b)(2) class is as follows: Theoretically, the pure (b)(2) class is homogeneous and certification is granted primarily to effect classwide civil rights among the cohesive group. *Wetzel v. Liberty Mutual Insurance Co.,* 508 F.2d 239, 256 (3d Cir.), *cert. denied,* 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 679 (1975). Although back pay claims properly are characterized as equitable relief within the ambit of 23(b)(2), *see, e.g., Senter v. General Motors Corp.,* 532 F.2d 511 (6th Cir.), *cert. denied,* 429 U.S. 870, 97 S.Ct. 182, 50 L.Ed.2d 150 (1976); *Harriss v. Pan American World Airways, Inc.,* 74 F.R.D. 24, 46 (N.D.Cal.1977); *see also Albermarle Paper Co. v. Moody,* 422 U.S. 405, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975), the monetary relief aspect of a back pay claim arguably draws the class members into antagonistic positions.

In this case, each potential class member has been denied promotion for varying and allegedly discriminatory lengths of time. If the plaintiffs prevail, each unexcluded member can expect to recover some amount of back pay. It is possible that a settlement could be reached that provides a specified amount of money in back pay less than the aggregate amount owed to all members. Also, a settlement plan could forego any award of back pay in favor of some other employment benefit such as seniority rights. These and other alternatives may be attractive to some members but disadvantageous to others. However, all unex-

---

**1.** The plaintiffs argue that reliance on *Holmes* is misplaced since *Holmes* arose in a settlement posture, while the instant case is not at that stage. That difference and the others cited by the plaintiffs are unimportant, since *Holmes* stands for the broader principle that where a (b)(2) class is a hybrid it should be treated like a (b)(3) class and a (b)(2) class.

cluded members would be bound to a final settlement or judgment regardless of its positive or negative effect on individual class members.

Consistent with Fed.R.Civ.P. 23(d)(2), this Court finds that the due process rights of potential class members are best protected by permitting them to consider whether to cast their lot with the named plaintiffs or go it alone. The final notice will contain an opt-out provision.

In an effort to expedite the resolution of this 1981 case, the Court has rewritten and attaches the notice of class certification to be used. When the notice is mailed, plaintiffs' counsel must add a date, 45 days from mailing, by which a request for exclusion will be timely. A copy of the actual notice mailed must be provided to the Court.

Also pending before the Court is plaintiffs' motion to compel the defendant to produce documents and computer tapes allegedly within the control of the FDIC. The information sought includes: pass/fail rates on the Progress Evaluation for whites and blacks from April, 1980 to the present; the time-in-grade for all whites and blacks who have been grade 9 assistant examiners from January 1, 1979 to the present; and the rates of pay for whites and blacks who have taken the Progress Evaluation from August 30, 1979 to the present. The defendant opposes the motion to compel, arguing either that some of the data were never requested, he has complied with plaintiffs' requests, or that the data sought are unavailable or in the process of being compiled in the requested form.

To the extent that he has not already done so, the defendant is ordered to produce, within 21 days, the documents and computer tapes and codes sought by the plaintiffs. To the extent that he believes that he has complied with the production order, the defendant shall file a statement, within 21 days, showing the particulars of his compliance.

IT IS THEREFORE ORDERED that

(1) The attached Notice of Class Action will be mailed by counsel for the plaintiffs to all potential class members.

(2) Prior to mailing, the date by which any request for exclusion must be made will be filled in to provide an exclusionary period 45 days from the date of mailing.

(3) Plaintiffs must provide the Court with a copy of the notice actually mailed.

(4) The description of the class certified in this Court's Order of August 2, 1983 is amended as follows:

All black persons who when employed nationwide by the FDIC as assistant bank examiners took the Progress Evaluation Examination for promotion to commissioned bank examiner on or after August 31, 1979 and were rated either as "deferred" or "reevaluate" or who will take the Progress Evaluation Examination during the pendency of this litigation and will be rated either as "deferred" or "reevaluate."

(5) To the extent that the defendant has not already complied with the plaintiffs' request to produce documents and computer tapes and codes, plaintiffs' motion to compel is granted. The defendant must comply with the requests by December 12, 1983 or indicate the particulars of his alleged compliance.

(6) A final discovery cut-off will be ordered at the status hearing previously set for December 16, 1983 at 9:45 a.m.

APPENDIX

TO: ALL BLACK PERSONS WHO WHEN EMPLOYED NATIONWIDE BY THE FDIC AS ASSISTANT BANK EXAMINERS TOOK THE PROGRESS EVALUATION EXAMINATION FOR PROMOTION TO COMMISSIONED BANK EXAMINER ON OR AFTER AUGUST 31, 1979 AND WERE RATED EITHER AS "DEFERRED" OR "REEVALUATE" OR WHO WILL TAKE THE PROGRESS EVALUATION EXAMINATION DURING THE PENDENCY OF THIS LITIGATION AND WILL BE RATED EITHER AS "DEFERRED" OR "REEVALUATE."

IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| AGEE ALLEN AND RONALD BATTLE, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 81 C 0911 |
| WILLIAM ISAAC, Chairman Federal Deposit Insurance Corporation, | ) ) ) ) | |
| Defendant. | ) ) | |

## NOTICE OF CLASS ACTION

NOTICE IS HEREBY GIVEN that, pursuant to Order of the United States District Court for the Northern District of Illinois, Eastern Division ("the Court"), dated August 2, 1983, it was determined that this lawsuit could be maintained as a class action and that the named plaintiffs Agee Allen and Ronald Battle could represent the class made up of all black persons who when employed nationwide by the FDIC as assistant bank examiners took the Progress Evaluation Examination for promotion to commissioned bank examiner on or after August 31, 1979 and were rated either as "deferred" or "reevaluate" or who will take the Progress Evaluation Examination during the pendency of this litigation and will be rated either as "deferred" or "reevaluate."

## NATURE OF THE LAWSUIT

The complaint filed by plaintiffs Agee Allen and Ronald Battle, employees of the Federal Deposit Insurance Corporation ("FDIC"), charges that the FDIC engages in racial discrimination in the training and promotion of black assistant bank examiners. It specifically alleges that the Progress Evaluation Examination used was racially discriminatory and had an adverse impact on certain black assistant bank examiners.

The Chairman of the FDIC denies all of the allegations of racial discrimination made by the plaintiffs.

## CERTIFICATION OF THIS CLASS

On August 2, 1983, the Court determined that because the claims of the plaintiffs and the class members were alike and the defendant likely would raise similar defenses to the plaintiffs' or members' claims, it would be economical and efficient to allow this matter to proceed as a class action. The Court also found that the plaintiffs will fairly and adequately represent the class members and that their counsel is competent. The following attorney is acting as counsel for the class:

Paddy Harris McNamara

33 North Dearborn Street

Suite 2400

Chicago, Illinois 60602

(312)630–0075

Even if the FDIC is found to have discriminated in the ways charged, you will be excluded from the class if it is determined that your period of delay in promotion or the reason why you were not promoted was non-discriminatory.

This description of the case is general and does not cover all of the issues and proceedings thus far. In order to see the complete file you should contact counsel for the plaintiffs. You also may contact the Clerk of the Court, Room 2078, 219 South Dearborn Street, Chicago, Illinois 60604 who will make the files relating to this lawsuit, case No. 81 C 911, available for inspection and copying at your own expense.

## WHAT YOU SHOULD DO NOW

You should consult with your own attorney immediately. He or she may represent you in this matter if you wish. If you do not want to be a member of this class action, the Court will exclude you from the class if you request exclusion in writing on or before _____. To request exclusion,

either fill in and mail the attached "Request for Exclusion" or write to:

Clerk, United States District Court
219 South Dearborn Street, 20th Floor
Chicago, Illinois 60604

State your name, your complete address, and that you wish to be excluded from the class certified in case No. 81 C 911. If you do not request exclusion from the class or hire your own attorney, you will be represented in this matter by the plaintiffs through their counsel. If you remain in the class action, you will be bound by any judgment, favorable or otherwise.

All written communication regarding this *notice,* including the request for exclusion, if any, should be addressed to the Clerk of the Court at the above address and must include the number of this case.

All questions concerning the course of the litigation should be addressed to the plaintiffs' attorney at the above address. The Clerk of the Court cannot answer questions concerning the general course of the litigation.

You may be notified further as the litigation progresses.

### REQUEST FOR EXCLUSION FROM CLASS ACTION

|  |  |  |
|---|---|---|
| AGEE ALLEN AND RONALD BATTLE, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 81 C 0911 |
| WILLIAM ISAAC, Chairman Federal Deposit Insurance Corporation, | ) ) ) ) | |
| Defendant. | ) | |

I, _____
(Print name)

_____,
(Print full address)
request that the Court exclude me as a member of the class certified in the above captioned case.

Send this request on or before _____, 1983 to:

Clerk, United States District Court
219 South Dearborn Street, 20th Floor
Chicago, Illinois   60602

_____
(Signature)

DATE: _____