**Ronald ROODING, individually and on behalf of all other persons similarly situated, Plaintiff,**

**v.**

**Howard PETERS III, Director, Illinois Department of Corrections, in his individual capacity, and the Illinois Department of Corrections, Defendants.**

**No. 94 C 1070.**

United States District Court,
N.D. Illinois,
Eastern Division.

July 3, 1997.

Mark Philip Cohen, Mark K. Schoenfield, Schoenberg, Fisher & Newman, Ltd., Chicago, IL, Ira T. Kaufman, Buffalo Grove, IL, for Ronald Rooding.

Andrew Neal Levine, Iain D. Johnston, Illinois Attorney General's Office, Chicago,

IL, for Howard Peters, III and Illinois Dept. of Corrections.

## MEMORANDUM OPINION AND ORDER

GETTLEMAN, District Judge.

Plaintiff brings the instant class action on behalf of himself and all persons similarly situated against defendants Howard Peters III ("Peters"), in his individual capacity, and the Illinois Department of Corrections ("IDOC"),[1] alleging violations of plaintiff's due process and equal protection rights under the Fifth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983, and false imprisonment under Illinois law. Plaintiff has moved for class certification under Fed. R.Civ.P. 23. For the reasons set forth below, plaintiff's motion is denied.

### Facts [2]

The instant motion comes to this court with a lengthy, and somewhat atypical, posture. On November 17, 1993, plaintiff was convicted of criminal damage to property and sentenced to one year of imprisonment. On November 19, after serving 71 days in the Cook County jail, a non-IDOC facility, while awaiting the outcome of his trial, plaintiff was transferred to an IDOC facility to serve his sentence. Because IDOC had a policy of requiring inmates to serve 60 days in an IDOC facility before they were eligible for meritorious good time ("MGT") credits, plaintiff was not considered for MGT that could have reduced his stay at the IDOC facility to less than 60 days.

On December 17, 1993, plaintiff filed a petition against Peters in the Circuit Court of Cook County ("Circuit Court"), seeking habeas corpus relief or a writ of mandamus compelling "release on the grounds that he was being imprisoned in violation of his constitutional rights to due process and equal protection of the laws." Plaintiff argued that, because pre-trial detention time does not count toward IDOC's 60–day rule, the length of his incarceration exceeded that of an inmate serving an identical sentence who had been incarcerated exclusively in an IDOC facility and who, therefore, would be considered for MGT before plaintiff. On December 22, 1993, the Circuit Court issued a writ of mandamus "directing that plaintiff be released because his constitutional right to equal protection of the laws was being violated."

On February 22, 1994, plaintiff filed the instant civil rights action seeking damages under § 1983 for the violation of his constitutional rights as found by the state court in his mandamus action and under Illinois law for false imprisonment. Defendants filed a motion to dismiss the complaint. In response to defendants' motion to dismiss, plaintiff argued that defendants were collaterally estopped from relitigating the claims in this case. Judge Moran, who had previously been assigned to the case, denied defendants' motion, ruling that collateral estoppel applied: "Rooding's request for a different remedy does not change the fact that the legal issue here is the same issue that was resolved in Rooding's favor in state court." *Rooding v. Peters,* 864 F.Supp. at 736.

Thereafter, defendants filed a motion for judgment on the pleadings pursuant to Fed. R.Civ.P. 12(b)(3). This court granted defendants' motion, holding that res judicata barred plaintiff's § 1983 claim because plaintiff could have recovered damages in his mandamus action. The Seventh Circuit reversed, finding that, under *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), plaintiff's § 1983 claim did not accrue until after he was successful in his mandamus action. Therefore, the court of appeals concluded, his claim was not barred by res judicata, and the case was remanded to this court. Plaintiff now brings the instant motion for class certification pursuant to Fed.R.Civ.P. 23.

---

1. On March 24, 1994 plaintiff voluntarily dismissed IDOC as a defendant.

2. The complete statement of the facts is included in the first opinion in this case, *Rooding v. Peters,* 864 F.Supp. 732 (N.D.Ill.1994), and in the Seventh Circuit's opinion reversing this court's decision on the pleadings, *Rooding v. Peters,* 92 F.3d 578 (7th Cir.1996).

## DISCUSSION

### I. Standard

■ In ruling on a motion for class certification, the allegations in the complaint are taken as true. *Allen v. Isaac*, 99 F.R.D. 45, 48 (N.D.Ill.1983), *order amended*, 100 F.R.D. 373 (1983). The court does not examine the merits of the case, *id.* at 49, although "[t]he boundary between a class determination and the merits may not always be easily discernible." *Eggleston v. Chicago Journeymen Plumbers' Local Union*, 657 F.2d 890, 895 (7th Cir.1981), *cert. denied*, 455 U.S. 1017, 102 S.Ct. 1710, 72 L.Ed.2d 134 (1982); *accord General Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 160, 102 S.Ct. 2364, 2372, 72 L.Ed.2d 740 (1982). Plaintiff bears the burden of showing that class certification is proper. *Trotter v. Klincar*, 748 F.2d 1177, 1184 (7th Cir.1984) Failure to meet any one of the requirements under Fed.R.Civ.P. 23 precludes certification. *Patterson v. General Motors Corp.*, 631 F.2d 476, 480 (7th Cir. 1980), *cert denied*, 451 U.S. 914, 101 S.Ct. 1988, 68 L.Ed.2d 304 (1981).

Rule 23(a) allows class certification only if:

(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In addition to the Rule 23(a) prerequisites, Rule 23(b) requires the satisfaction of at least one of following conditions before an action may be maintained as a class action:

(1) the prosecution of separate actions by or against individual members of the class would create a risk of

(A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

(B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.[3]

In the instant case, plaintiff requests class certification for all persons who, "within the two year time period prior to the filing of [the] complaint [on February 22, 1994] [had] less than 60 days of incarceration remaining on their sentence in light of good time and other credits, but were forced to serve more than that time at an IDOC facility as a result of the policy that at least 60 days incarceration must be served at an IDOC facility." Plaintiff argues that this definition meets the requirements of numerousity, commonality, typicality, and adequacy of representation under Rule 23(a). Plaintiff further asserts that: (1) separate prosecution by the individual class members would create incompatible standards of conduct as described in Rule 23(b)(1)(A); and, (2) as stated in Rule 23(b)(3), questions of law and fact common to the members of the class predominate over questions of individual members, and a class action is superior to all other available methods for adjudication of the instant controversy.

---

3. The matters pertinent to these findings include, Fed.R.Civ.P. 23(b)(3):

(A) the interest of members of the class in individually controlling the prosecution or defense of separate actions;

(B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; © the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

Defendants respond that: (1) plaintiff cannot adequately represent the proposed class because, excluding plaintiff, none of the class members filed a state mandamus or habeas action while they were incarcerated.[4] Therefore, based on the Seventh Circuit's ruling in this case, 92 F.3d at 580–82, the other class members do not have causes of action under § 1983; (2) plaintiff cannot establish "commonality" or "typicality" because, even if the other class members had causes of action, their claims would depend whether their individual behavior records qualified them for MGT credits. Such records are fundamentally different than those of plaintiff; (3) plaintiff's conclusory assertions on the size of the class do not establish "numerousity" under Rule 23(a); and, in any event, (4) plaintiff cannot establish any of the conditions required by Rule 23(b).  II. *Application of Heck to class members*

The Supreme Court's decision in *Heck* lies "at the intersection of the two most fertile sources of federal-court prisoner litigation ... 42 U.S.C. § 1983, and the federal habeas corpus statute." 512 U.S. at 480, 114 S.Ct. at 2369.  The Court held that, when a § 1983 plaintiff seeks damages for an allegedly unconstitutional conviction or term of imprisonment, the plaintiff must prove that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance or a writ of habeas corpus." *Id.* at 487, 114 S.Ct. at 2372.  The Court went on to instruct, *id.* at 487, 114 S.Ct. at 2372:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judg-

ment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Defendants argue that plaintiff cannot maintain an action on behalf of the proposed class because none of the class members prevailed in (or even initiated) a habeas or mandamus action challenging the 60–day rule while they were incarcerated.  Therefore, defendants conclude, based on the Seventh Circuit's ruling in this case, 92 F.3d at 580–82, none of the class members, except plaintiff, possess a cause of action under § 1983 for the violation of his or her constitutional rights by IDOC's use of the 60–day rule.

Plaintiff responds that *Heck* does not apply to the class members' claims because: (1) they are not simply challenging the denial of MGT credits based on their behavior records, but the constitutionality of an "administrative action [the 60–day rule] which unlawfully extended their confinement"; (2) the class members are not inmates, but *former* prisoners.  In so arguing, plaintiff relies on Judge Moran's 1994 opinion in this case, 864 F.Supp. at 735–36.  Judge Moran explained that *Heck* did not preclude plaintiff from bringing his § 1983 claim because:

> [Plaintiff] Rooding's action, if successful, will neither demonstrate nor necessarily imply the invalidity of his conviction or sentence.  He does not challenge his conviction for criminal damage to property or his one year sentence.  Rather, he challenges the manner in which Peters administered his sentence.  Moreover, and perhaps most importantly, he is no longer a prisoner, and "individuals not 'in custody' cannot invoke federal habeas jurisdiction, the only statutory mechanism besides § 1983 by which individuals may sue state officials in federal court for violating federal rights.  That would be an untoward result." *Heck*, 512 U.S. at 500, 114 S.Ct. at 2379 (Souter, J., concurring).

Plaintiff attempts to reconcile Judge Moran's finding with the Seventh Circuit's opinion in this case two years later.  The Seventh

---

4.  In denying defendants' original motion to dismiss, Judge Moran held that the class could not include prisoners, and declined to certify the remaining class at that time. *Rooding*, 864 F.Supp. at 740.

Circuit likened plaintiff's action to that of the prisoner in *Heck*. The court held that plaintiff's " § 1983 claim for damages, challenging the duration of his confinement, is the type of § 1983 claim that would necessarily implicate the validity of his incarceration." 92 F.3d at 580. Therefore, the court concluded, plaintiff's cause of action under § 1983 did not accrue until he prevailed in the state mandamus action. *Id.* at 581.

Plaintiff argues that, even if the Seventh Circuit overruled Judge Moran's finding that plaintiff's § 1983 claim is not the type precluded by *Heck,* the Seventh Circuit's holding does not apply to the other members of the proposed class. Because they are no longer prisoners, plaintiff argues, their § 1983 claims do not conflict with the habeas corpus and mandamus statutes, and their terms of imprisonment cannot be effected. Rather, they seek monetary damages only. Thus, plaintiff concludes, *Heck* does not bar their claims.

Plaintiff's interpretation of *Heck* and application of it to the instant case, although persuasive on its face, is outdated. Since Judge Moran's opinion in 1994, the parameters of *Heck* have been clarified and broadened. Recently, the Supreme Court held that *Heck* applies to administrative rulings that effect the validity of an inmate's conviction or sentence. *Edwards v. Balisok,* —— U.S. ——, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997). In *Edwards,* a state prisoner sought declaratory and injunctive relief under § 1983 for the use of allegedly unconstitutional procedures in a disciplinary hearing to deprive him of good-time credits. The prisoner claimed that the hearing officer "concealed exculpatory witness statements and refused to ask specified questions of requested witnesses which prevented the [prisoner-plaintiff] from introducing extant exculpatory material and 'intentionally denied' him the right to present evidence in his defense." *Id.* at ——, 117 S.Ct. at 1587. The Court distinguished these facts from those in *Heck,* but, nonetheless, found *Heck* applicable. The Court explained:

Respondent [in this case, *Edwards,*] limited his request to damages for depriving him of good-time credits without due process, not for depriving him of good-time credits undeservedly as a substantive matter. That is to say, his claim posited that the procedures were wrong, but not necessarily that the result was. The distinction between these two sorts of claims is clearly established in our case law, as is the plaintiff's entitlement to recover at least nominal damages under § 1983 if he proves the former one without also proving the latter one. The Court of Appeals was of the view that this difference from Heck was dispositive, following Circuit precedent to the effect that a claim challenging only the procedures employed in a disciplinary hearing is always cognizable under § 1983.

That principle is incorrect, since it disregards the possibility, clearly envisioned in Heck, that the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment.... The Court of Appeals was thus incorrect in asserting that a claim seeking damages only 'for using the wrong procedure, not for reaching the wrong result,' would never be subject to the limitation announced in Heck. *Id.* at ——, 117 S.Ct. at 1587 (citations omitted).

The Court's opinion in *Edwards* leaves open the possibility that some challenges to administrative procedures under § 1983 may be immediately cognizable, that is, not subject to the prerequisites of *Heck*. At first glance, the instant class action appears to be the sort of procedural challenge that could escape the mandates of *Heck*. The Seventh Circuit has repeatedly emphasized that the injury alleged, not the relief sought, determines whether a claim implicates the validity of a sentence or conviction. *See Anderson v. County of Montgomery,* 111 F.3d 494, 498–99 (7th Cir.1997). Plaintiff and the proposed class do not allege that they had unfair administrative hearings which resulted in their being denied MGT credits.[5] Instead, they

5. In fact, plaintiff alleges that IDOC has a policy of granting MGT credits to all inmates with a "good" behavior records who meet the requirements of the 60–day rule. Plaintiff further alleg-

es that such awards are unconstitutional because the 60–day rule distinguishes between time served in a county jail and time served in an IDOC facility. *See Hampton v. Rowe,* 88 Ill.

challenge IDOC's use of the 60–day rule that distinguishes between time served in a IDOC facility and a non-IDOC facility. The injury the class allegedly suffered is the violation of their equal protection and due process rights by not even being considered for MGT credits until they had served 60–days in the IDOC, regardless of the time they served in pre-trial detention. Therefore, the plaintiff argues, the application of the 60–day rule caused the class to serve longer time than inmates with identical sentences who had served all of their time in an IDOC facility. The relief sought is monetary damages.

■ This argument, however, comes to late. This court is bound by the Seventh Circuit's ruling that plaintiff's § 1983 claim and, therefore, those of the proposed class, fall under the ambit of *Heck.* The Seventh Circuit held that, because plaintiff's claim challenged the duration of his confinement, *Heck* applied. Thus, the court of appeals in this case has equated a challenge to the length of plaintiff's "incarceration" to a challenge of the validity of his "conviction or sentence." Compare *Rooding,* 92 F.3d at 580, with *Heck,* 512 U.S. at 487, 114 S.Ct. at 2372. Similarly, the class members challenge the length of time they served. Therefore, this court is compelled to find that *Heck* applies to the § 1983 claims brought by the proposed class.

■ Plaintiffs' second argument, that *Heck* does not apply to ex-prisoners, also contradicts recent Seventh Circuit law, in addition to the law of this case. In *Anderson v. County of Montgomery,* 111 F.3d 494, 499 (7th Cir.1997), the Seventh Circuit rejected the petitioner's argument that, because he was not incarcerated when he brought his § 1983 claim and thus had no habeas corpus relief available to him, *Heck* did not apply to his claim. The court explained that, although Justice Souter's concurring opinion in *Heck* gave some support to the petitioner's argument, a concurrence is not the law; the majority in *Heck* specifically rejected the proposed argument. *Id. (citing Heck,* 512 U.S. at 490, 114 S.Ct. at 2374). Thus, *Heck*

is applicable to ex-prisoners. "That it may be difficult (perhaps in some cases—mostly due to a lapse of time—even impossible) to get a conviction reversed or expunged," the court of appeals continued, "does not constitute a reason for bypassing the holding in *Heck.*" *Id.* The court of appeals quoted with approval from *Schilling v. White,* 58 F.3d 1081, 1086 (6th Cir.1995): "*Heck* applies as much to prisoners in custody (a habeas prerequisite) as to prisoners no longer incarcerated." *Id.*

Thus, notwithstanding the fact that the all of the proposed class members are ex-prisoners, *Heck* still applies to their § 1983 claims. Because the class members, excluding plaintiff, did not initiate and prevail in a state mandamus or habeas action while they were imprisoned at an IDOC facility, their § 1983 claims in the instant case are barred under *Heck.*

The result the court is compelled to reach here is ironic. Plaintiff's victory in the court of appeals sounded the death knell for the proposed class. The Seventh Circuit found that plaintiff's claim was of the type subject to the prerequisites of *Heck,* notwithstanding the fact that plaintiff was challenging an administrative policy [the 60–day rule] as applied to a class of prisoners, rather than, as in *Edwards,* the application of an administrative process in an individual case leading to the denial of MGT credits. Further, the fact that plaintiff brought his § 1983 claim as an ex-prisoner did not preclude the application of *Heck,* which is consistent with the court's more recent decision in *Anderson.*

The peculiar result of this labyrinth of Seventh Circuit and Supreme Court precedent is that each member of the proposed class, to have a cognizable § 1983 claim in the instant case, would have had to have instituted a habeas corpus or mandamus action during the narrow time slot when he or she was allegedly confined unconstitutionally by virtue of the 60 day rule—a period of no more than 60 days and, often, much less. As the proposed class includes many individuals

App.3d 352, 43 Ill.Dec. 511, 410 N.E.2d 511 (3d Dist.1980) (holding that it is a violation of equal protection rights to award good time credits

based on a distinction between time served in a county jail and time served in an IDOC facility).

who did not have the financial resources to post bail, the likelihood that they would have had a lawyer to perform such swift litigation on their behalf is slim. That result, however, is dictated by the precedent discussed above. Plaintiff's motion for class certification is denied.

## CONCLUSION

For the reasons set forth above, the court denies plaintiff's motion for class certification.